**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
August W. Heckman III
Needhy Shah
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE QUAIROLI,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC., AMAZON FULFILLMENT SERVICES, INC. and JOHN DOES 1-10, jointly, severally and/or in the alternative,<br><br>Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Defendant" or "Amazon," incorrectly identified in the Complaint as "Amazon.com Services, Inc." and "Amazon Fulfillment Services, Inc."), by and through its counsel, Morgan, Lewis & Bockius LLP, hereby removes the above-captioned action from the Superior Court of the State of New Jersey, Gloucester County, Case No. GLO-L-001519-19, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

    a.      Plaintiff Wayne Quairoli alleges that he resides in Cumberland County, New Jersey and is represented by Castellani Law Firm, LLC, located at 450 Tilton Road, Suite 245, Northfield, New Jersey, 08225.   See Exhibit ("Ex.") A; Ex. C.

    b.      Amazon.com Services LLC, is a Delaware corporation, and has a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.   Amazon is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2.      On December 23, 2019, Plaintiff filed a civil action in the Superior Court of the State of New Jersey, Gloucester County, captioned Wayne Quairoli v. Amazon Fulfillment Center et al., Civil Action No. GLO-L-001519-19.  See Ex. A.

3.      On December 23, 2019, a Track Assignment Notice was issued in that case.  See Ex. B.

4.      On January 2, 2020, Plaintiff filed an Amended Complaint in that case, captioned Wayne Quairoli v. Amazon.com Services, Inc., et al., Civil Action No. GLO-L-001519-19.  See Ex. C.

5.      In his Amended Complaint, Plaintiff alleges that he was discriminated against because of his alleged disability in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1.  Plaintiff also asserts claims against Defendant for negligent and/or intentional misrepresentation and breach of implied contract and covenant of good faith and fair dealing.  See Ex. C.

6.    On January 6, 2020, Plaintiff served a copy of the Summons and Amended Complaint on Defendant's designated agent.  See Ex. D; Ex. E.

7.    No further proceedings have been held in the Superior Court of the State of New Jersey, Gloucester County.  The documents attached as Exhibits A, B, C, D, and E constitute the entirety of the process, pleadings, and orders served on Defendant or filed in this case to date. See 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8.    Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

9.    Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  See 28 U.S.C. § 1332(a).

10.    Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states.

### Amount in Controversy

11.    In his Amended Complaint, Plaintiff seeks monetary damages, punitive damages, attorney's fees and costs of suit. See Ex. C.

12.    Plaintiff seeks, *inter alia*, monetary damages in the form of past lost earnings, future lost earnings, other benefits associated with employment, damage to his personal and business reputation, punitive damages, and "such other damages."  See Ex. C, at pp. 4-5, ¶¶ 18-20 and "Wherefore" clause.

3

13.    Plaintiff also seeks emotional distress damages, attorneys' fees, and costs of suit.

See id.

14.    While Plaintiff does not quantify the damages that he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to *less* than $75,000.  See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount").

15.    Based on the allegations of the Amended Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Citizenship**

16.    Plaintiff is a citizen of the State of New Jersey.  See Ex. C, p. 1.

17.    Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.

18.    Amazon.com Services LLC, is a citizen of Delaware and Washington because it is incorporated in Delaware and has its principal place of business in Washington.

19.    In determining whether an action is removable under 28 U.S.C. §1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded."  See 28 U.S.C. § 1441(b)(1).  Thus, for removal purposes, the citizenship of the fictitious parties "JOHN DOES 1-10" (Ex. C, p. 1) are irrelevant and should be disregarded.

20.    Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

**Timeliness of Removal**

21.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because thirty days have not expired since Amazon was served with the Amended Complaint on January 6, 2020, and no other defendants have been joined and served with the Amended Complaint.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

22.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Gloucester County, where this action was filed and is pending. See Ex. A; Ex. C.

23.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Gloucester County, where the suit is pending.

24.    By filing a Notice of Removal, Defendant does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

WHEREFORE, pursuant to 28 U.S.C. §§, 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Gloucester County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  February 4, 2020                    Respectfully submitted,

                                            **MORGAN, LEWIS & BOCKIUS LLP**

                                            *s/  August W. Heckman III*
                                            August W. Heckman III
                                            Needhy Shah
                                            502 Carnegie Center
                                            Princeton, New Jersey 08540-7814
                                            Telephone: (609) 919-6600
                                            Facsimile: (609) 919-6701
                                            august.heckman@morganlewis.com
                                            needhy.shah@morganlewis.com
                                            *Attorneys for Defendant*

## <u>CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated: February 4, 2020         **MORGAN, LEWIS & BOCKIUS LLP**

*s/ August W. Heckman III*
August W. Heckman III
Needhy Shah
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
august.heckman@morganlewis.com
needhy.shah@morganlewis.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of February, 2020, a true and correct copy of

the foregoing Notice of Removal, with exhibits, was served on the party listed below via Federal

Express:

David R. Castellani
CASTELLANI LAW FIRM, LLC
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
*Attorneys for Plaintiff*

*s/  August W. Heckman III*
August W. Heckman III