# EXHIBIT A

**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| WAYNE QUAIROLI, <br><br> Plaintiff(s), <br> vs. <br><br> AMAZON FULFILLMENT CENTER and JOHN DOES 1-10, jointly, severally and/or in the alternative, <br><br> Defendant(s) | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> GLOUCESTER COUNTY <br><br> Civil Action <br><br> DOCKET NO.: <br><br> **COMPLAINT** |

Plaintiff, Wayne Quairoli, residing in the City of Vineland, County of Cumberland and State of New Jersey, by way of Complaint against the Defendants, says:

### FIRST COUNT

1. Plaintiff, Wayne Quairoli, at all times mentioned herein was employed as a Packer by the Defendant, Amazon Fulfillment Center, from November 28, 2018 until his termination on May 24, 2019.

2. During the course of Plaintiff's employment, he had requested transfers on multiple occasions because the work he was doing was too physically demanding for him due to his age and physical condition. Plaintiff requested these transfers in the form of an accommodation request to the accommodation team.

1

3. Plaintiff worked as a Single Packer since December 18, 2018 and because of this position being physically demanding on his body, he requested a transfer.

4. On April 12, 2019, Plaintiff was assigned to work for the first time in Induct Flat Sort which was a much less physically demanding position and a position that Plaintiff felt comfortable doing with regard to its physical demands.

5. On April 13, 2019, Plaintiff was again assigned to work in Induct Flat Sort. Later that day, Plaintiff was instructed to return to Single Pack. After returning from his 3:00 p.m. break and seeing that Single Pack was slowing down dramatically, Plaintiff asked twice to return to Induct Flat Sort. Those requests were ignored.

6. At approximately 4:00 p.m. on April 13, 2019, Plaintiff was approached by Conner Johnson who told Plaintiff to report to AFE. Plaintiff informed Mr. Johnson that he could not work in AFE due to its physical demands and the impact it had on his body. Mr. Johnson insisted that Plaintiff had to report to AFE and that Plaintiff had no other option. Plaintiff then, for a third time, requested to return to Induct Flat Sort and his third request was denied.

7. Plaintiff recalls feeling threatened, provoked and harassed by Conner Johnson's demeanor and demands.

8. At approximately 4:45 p.m. on April 13, 2019, Plaintiff was approached by Ryan Wendl who advised that Plaintiff had to report to AFE or he would be subject to the discipline of insubordination. Plaintiff advised Mr. Wendl that he was unable to work in AFE due to its physical demands and requested that he return to Induct Flat Sort. Mr. Wendl then instructed plaintiff that he would be "written up" for insubordination. Once again, Plaintiff felt threatened, provoked and harassed by Mr. Wendl's demeanor and demands as he did with Conner Johnson.

2

9. A disciplinary write-up was issued to the Plaintiff on April 13, 2019 by Ryan Wendl and Amanda Hubbell for failure to go to the AFE.

10. During an appeal meeting concerning the disciplinary action on May 9, 2019, the General Manager, Roberto Miller, advised Plaintiff to begin the medical accommodation process.

11. On May 10, 2019, Plaintiff submitted a formal request for accommodation through the accommodation's team with Defendant Amazon.

12. A few days prior, on May 8, 2019, Plaintiff received a final written warning based on his productivity. Plaintiff appealed the final written warning on May 13, 2019, indicating he was currently in the process of obtaining a certificate of fitness for a medical accommodation to facilitate his transfer to a less physically demanding position.

13. On May 23, 2019, the day before Plaintiff was terminated, he met with Konnor Olton, Assistant to Roberto Miller, who advised Plaintiff that he had ninety (90) days from the first written disciplinary notice of May 8, 2019, to finish the medical accommodation process.

14. Plaintiff was terminated on May 24, 2019 in the middle of the accommodation process and before the period of time he was provided to obtain a medical accommodation form signed by his doctor.

15. The conduct of the Defendant as aforementioned constitute violations of the New Jersey Law Against Discrimination as it relates to disability, perceived disability and the Plaintiff's rights as an employee with a disability to a reasonable accommodation.

16. It is further alleged that the Defendant, Amazon Fulfillment Center, failed to

maintain and enforce an effective policy, procedure or complaint mechanism whereby employees such as Plaintiff could complain about discrimination, harassment or retaliation in the workplace. It is further alleged that the Defendant failed to properly or adequately investigate Plaintiff's complaints and, as such, was negligent and in breach of their duties under the New Jersey Law Against Discrimination in relation to the same.

17. It is further alleged that the Defendant's conduct in terminating Plaintiff's employment during the time period Plaintiff was provided by the Defendants to obtain a medical note or certificate of fitness from his physician for purposes of obtaining a reasonable accommodation, was retaliatory and constituted a reprisal for Plaintiff asserting his rights under the New Jersey Law Against Discrimination by requesting a reasonable accommodation and by initiating Defendant's accommodation process and for requesting a transfer to a less physically demanding position as an accommodation for his disability and/or perceived disability.

18. As a direct and proximate result of the conduct and actions of the Defendant as aforementioned, Plaintiff was continually harassed in the workplace and retaliated against, was caused to suffer severe emotional distress and mental anguish and eventually wrongfully terminated from his employment with the Defendant, Amazon Fulfillment Center, causing him severe economic damages in the form of lost past and future wages and other benefits associated with employment, damage to his personal and business reputation and such other damages, all to his detriment, all in violation of New Jersey's Law Against Discrimination and retaliation for assertion of rights under the LAD.

19. The conduct of the Defendants was deliberate and intentional and calculated to cause Plaintiff harm and in reckless disregard for his rights under the New Jersey Law Against Discrimination and entitles Plaintiff an award of punitive damages.

4

20. Defendant Amazon Fulfillment Center John Doe Employees 1-10 are unknown persons who may be responsible for the discriminatory actions taken against the Plaintiff which are referenced above.

WHEREFORE, plaintiff demands Judgment against the Defendants, jointly, severally and/or in the alternative, for damages, punitive damages, attorney's fees and costs of suit and such other relief as the Court deems just and proper.

## **SECOND COUNT**

1. Plaintiff repeats the allegations of the First Count of this Complaint as if fully set forth herein at length.

2. Plaintiff detrimentally relied upon the Defendants' representation relating to the time period Plaintiff was afforded to provide a medical certificate in support of his accommodation request.

3. Plaintiff was terminated from employment by the Defendants prior to the time period represented to Plaintiff for him to provide a certification or doctor's notice supporting plaintiff's accommodation request.

4. Defendants' statement to Plaintiff concerning the time period he had to submit a medical certification in support of Plaintiff's accommodation request constitutes a misrepresentation of a material fact.

5. Defendants' actions were negligent and/or intentional and constitutes the common law action of negligent and/or intentional misrepresentation.

5

6. As a direct and proximate result of Defendants' actions, Plaintiff was wrongfully terminated from his employment with Defendant Amazon and caused a loss of past and future wages, emotional distress, mental anguish and such other damages, all to Plaintiff's detriment.

WHEREFORE, plaintiff demands Judgment against the Defendants, jointly, severally and/or in the alternative, for damages, punitive damages, attorney's fees and costs of suit and such other relief as the Court deems just and proper.

### THIRD COUNT

1. Plaintiff repeats the allegations of the First and Second Counts of this Complaint as if fully set forth herein at length.

2. The Defendant Amazon violated their policies and procedures manual containing, among other things, a policy or procedure for requesting a reasonable accommodation for a disability.

3. Under the policy, employees such as Plaintiff are granted a certain time period to provide a medical certificate of fitness from a physician.

4. Defendants terminated Plaintiff's employment before Plaintiff was permitted to provide the medical certificate within the time period contained in their policy and any extensions provided by the Defendants, its agents and/or employees.

5. The policies and procedures for a reasonable accommodation were contained in an employment manual generally distributed or available to all employees in the work place and constituted an implied contract between the Defendants and Plaintiff.

6. Defendants breached the implied contract in terminating Plaintiff's employment prior to the time period expiring for Plaintiff to provide a medical certificate or certificate of fitness requesting an accommodation.

7. Defendants also breached the implied covenant of good faith and fair dealing in terminating Plaintiff prior to the expiration of the time period for Plaintiff to provide a medical certificate or certificate of fitness within the terms of the accommodation policy.

WHEREFORE, plaintiff demands Judgment against the Defendants, jointly, severally and/or in the alternative, for damages, punitive damages, attorney's fees and costs of suit and such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

### DESIGNATION OF TRIAL COUNSEL

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

### CERTIFICATION UNDER RULE 4:5-1

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment for perjury.

DAVID R. CASTELLANI, LLC

_____
David R. Castellani, Esquire

Dated: 12/23/2019

7